FILED

2010 NOV -1 AM 10: 11

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ______ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ANTHONY BRODZKI,

Plaintiff,

vs.

DEPARTMENT OF DEFENSE,

Defendant.

CASE NO. 10-cv-2212 BEN (POR)

ORDER DISMISSING CASE WITHOUT PREJUDICE AND DENYING PENDING MOTION AS MOOT

On October 25, 2010, Plaintiff filed a Complaint under 42 U.S.C. § 1983. The Complaint alleges that the Department of Defense and certain unnamed corporations were unjustly enriched from the use of Plaintiff in Operation Silent Talk. According to a June 2009 article attached to the Complaint, Operation Silent Talk is a program studying the potential use of telepathy by soldiers on the battlefield. Plaintiff also filed a motion to proceed in forma pauperis. (Docket No. 2.)

After conducting an initial review of the Complaint, the Court finds that the Complaint fails to state a basis for federal court subject matter jurisdiction and, therefore, must be dismissed sua sponte pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. *See Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) (it is well settled that a court may dismiss a complaint sua sponte for lack of jurisdiction).

Rule 12(h)(3) provides,

> If the court determines at any time that it lacks subject-matter jurisdiction the court must dismiss the action.

Fed. R. Civ. P. 12(h)(3). Although Plaintiff cites 42 U.S.C. § 1983 as the basis of his claims, Plaintiff fails to state that his constitutional rights have been violated or that he has otherwise been deprived of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983; *see Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (federal question jurisdiction exists only where a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law). Based on the allegations set forth in Plaintiff's Complaint, the Court finds that federal subject matter jurisdiction is lacking.

In light of the above, this action is **DISMISSED** sua sponte for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). Plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **DENIED** as moot.

**IT IS SO ORDERED.**

Date: ~~October~~ Nov 1, 2010

Hon. Roger T. Benitez
United States District Court Judge